Dozier, *ex parte.*

DENNIS DOZIER, by next friend, *ex parte.*

PERSONS UNDER DISABILITY. *Lunatic. County Court. Jurisdiction of Notice.* Where proceedings are commenced in the County Court to have a person declared a lunatic, and a guardian appointed, personal notice and service of a copy of the petition upon such party is required. The Court say: "It was never intended by the Legislature that so important a proceeding as that of declaring a party a lunatic, and taking charge of his person and his estate, should be consummated without personal notice.

---

FROM CHEATHAM.

---

Appeal from the County Court. G. S. SLOAN, Judge.

S. D. POWER for petitioner.

THOS. S. OSMENT for the Guardian.

NICHOLSON, C. J., delivered the opinion of the Court.

This proceeding commenced by petition, in the County Court of Cheatham, to have Dennis Dozier declared a lunatic, and to have a guardian appointed. A writ of lunacy was issued, and forthwith a jury empanneled, who returned that Dozier was of unsound mind, and, thereupon, the Court appointed a guardian to take charge of his estate, which is conceded to be valuable.

These proceedings all took place at one Term of

6—VOL. 4.

the Court, and without notice to the party alleged to be a lunatic.

He applied by next friend to this Court for a writ of error to bring the case here, that the proceedings may be reviewed.

A motion is now made to dismiss the writ of error.

1. It is said that the proceeding by the County Court was not in the exercise of Chancery jurisdiction by that Court, and, therefore, that the writ of error does not lie to this Court. It is true, that before the Act of 1851–2, it was held that the care and management of lunatics and their estates constituted no part of the jurisdiction of the Chancery Court. But since the passage of that Act, the jurisdiction of the County and Chancery Courts has been concurrent as to persons of unsound mind. It was further enacted in 1851–2, that "the mode of procedure in the County Court, where the jurisdiction is concurrent either with the Circuit or Chancery Courts, shall be as near as may be, according to the rules and regulations laid down for the conduct of similar business in those Courts."

It follows, that although there are certain general provisions made as to the mode of proceeding in cases of lunacy in the County Court, yet the mode of procedure in that Court must conform as near as practicable to the mode specified for conducting similar cases in the Chancery Court. No provision is made for notice and copy of the petition to the alleged

lunatic when an application is made to the County Court, but when the application is made to the Chancery Court, the procedure cannot be inaugurated without such notice and service of a copy of the petition. It was never intended by the Legislature that so important a proceeding as that of declaring a party a lunatic, and taking charge of his person and his estate, should be consummated without personal notice. The law requires such notice as well when the proceeding commences in the County Court as in the Chancery Court. As no such notice was given in the present case, the proceeding was erroneous and void.

The motion to dismiss the writ of error is disallowed, and the judgment of the County Court reversed and the cause remanded.